UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>400 Maryland Avenue, SW, LBJ 7W104<br>Washington, DC 20202-4500<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:25-cv-1640 |

## COMPLAINT

1.      Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel the Department's compliance with FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4.      Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant Department is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On July 7, 2023, Plaintiff submitted four FOIA requests to the Department.

7. Requests A and B sought seeking records regarding the case *Biden v. Nebraska*.

8. Specifically, Request A sought the communications between specified Department custodians and officials at the Department of Justice and the Consumer Financial Protection Bureau (Exhibit "1") and Request B sought the communications between specified Department custodians and outside organizations (Exhibit "2").

9. On September 20, 2023, the Department acknowledged receipt of Request A and was assigned FOIA Request No. 23-02763-F (Exhibit "3").

10. On July 10, 2023, the Department acknowledged receipt of Request B and was assigned FOIA Request No. 23-02201-F (Exhibit "4").

11. Plaintiff requested a waiver of all fees associated with processing the Requests A and B, which was granted by the Department (Exhibits "5" and "6", respectively).

12. On October 19, 2023, the Department issued a 20-day status notification indicating that Request A was still being processed and that the average processing time was approximately 185 business days (Exhibit "7").

13. To date, Plaintiff has not received an update on Request B.

14. Requests C and D sought records regarding the case *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College and Students for Fair Admissions, Inc. v. University of North Carolina, et al.*

15. Specifically, Request C sought the communications between specified Department custodians and officials at the Department of Justice and the Consumer Financial Protection Bureau (Exhibit "8") and Request D sought the communications between specified Department custodians and outside organizations (Exhibit "9").

16. On September 20, 2023, the Department acknowledged receipt of Request C and was assigned FOIA Request No. 23-02764-F (Exhibit "10")

17. On July 10, 2023, the Department acknowledged receipt of Request D and was assigned FOIA Request No. 23-02202-F (Exhibit "11")

18. Plaintiff requested a waiver of all fees associated with processing the Requests C and D, which was granted by the Department (Exhibits "12" and "13", respectively).

19. On October 19, 2023, the Department issued a 20-day status notification indicating that Request C was still being processed and that the average processing time was approximately 185 business days (Exhibit "14").

20. To date, Plaintiff has not received an update on Request D.

21. Despite Plaintiff's efforts to obtain the requested records, the Department has failed to provide a substantive response or produce the requested records within the statutory time frame.

22. As of May 14, 2025, the Department has not provided any determination on Plaintiff's Requests, released any responsive records, identified any applicable exemptions, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion

of its determinations, or communicated an estimated date of completion, despite the passage of over 573 days since the requests were submitted. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

23. Defendant has not invoked any "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B) that would extend the 20-day deadline, nor has it provided Plaintiff with an opportunity to modify the request or arrange an alternative timeframe for processing, as required by 5 U.S.C. § 552(a)(6)(B)(ii).

24. The Department has thus violated its FOIA obligations.

25. Because the Department has failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. PPT's Department requests discussed above were properly submitted requests for records within the possession, custody, and control of the Department.

26. The Department is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

27. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

28.  The Department's failure to provide all non-exempt responsive records violates FOIA.

29.  Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until the Department complies with the requirements of FOIA and any and all orders of this Court.

B) Order the Department to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant PPT other such relief as the Court deems just and proper.

Dated: May 21, 2025               Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:
/s/ Karin M. Sweigart

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700

San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*